# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| GARY WAYNE HOLLOMAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CV408-009 |
| ) | |
| THE GEORGIA STATE BOARD OF ) | |
| PARDONS AND PAROLES and ) | |
| PAUL K. BRANAM, ) | |
| ) | |
| Respondents. ) | |

## REPORT AND RECOMMENDATION

Respondent, the Georgia State Board of Pardons and Paroles, has filed a motion to dismiss petitioner's § 2254 petition for habeas corpus relief. (Doc. 11.) Petitioner has not responded to the motion. For the following reasons, respondent's motion should be **GRANTED** and this case should be **DISMISSED**.

In the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, Stat. 1214, Congress amended the federal habeas statute to require that a second or successive petition be certified by a panel of the appropriate court of appeals prior to being

brought in any district court. See 28 U.S.C. § 2244(b)(3)(A) (noting that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application").

The Seventh Circuit held that this provision "is an allocation of subject-matter jurisdiction to the court of appeals. A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996) (emphasis in original). The Eleventh Circuit has reached the same result. Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997) (finding that district court lacked jurisdiction to consider a second § 2254 petition); In re Medina, 109 F.3d 1556 (11th Cir. 1997) (holding that district court properly denied successive petition because movant neglected to obtain a certificate from the federal appellate court authorizing consideration of the motion).

The record indicates that petitioner previously filed a § 2254 petition in this Court on December 18, 1997, challenging his 1994 Liberty County conviction, the same conviction he challenges in the instant § 2254 petition. See Holloman v. Water, CV497-363 (S.D. Ga. 1999). The district judge dismissed the petition on April 26, 1999. Holloman, CV497-363 (doc. 30). Because the instant petition is successive and petitioner has not sought or received authorization from the Eleventh Circuit to file it, this Court is not at liberty to consider it. Accordingly, the Court should **DISMISS** this petition as successive.

**SO REPORTED AND RECOMMENDED** this  28th  day of April, 2008.

/s/ G.R. SMITH
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA